# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| **United States of America** | |
| v. | **Case No. 24-mj-1185** |
| **DERREL AUSTIN** | |
| *Defendant* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

### COUNT I
### (Possession with Intent to Distribute 40 grams or more of Fentanyl)

On or about February 17, 2022, in the Western District of New York, the defendant DERREL AUSTIN, did knowingly and intentionally possess with the intent to distribute 40 grams or more of a mixture or substance containing fentanyl, a Schedule II controlled substance.

**All in violation of Title 21, United States Code, Sections 841(a)(l) and 841(b)(1)(B).**

### COUNT II
### (Possession of a Firearm by a Felon)

On or about February 17, 2022, in the Western District of New York, the defendant, DERREL AUSTIN, knowing that he had previously been convicted on or about October 19, 2009, in Erie County Court, New York, of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, firearms, namely, one (1) FMK handgun, model 9C1, bearing serial number BB14259; and one (1) Smith and Wesson handgun, model SD40 VE, bearing serial number FDJ4216.

**All in violation of Title 18, United States Code, Section 922(g)(1).**

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Curtis R. Middlebrooks*
*Complainant's signature*

CURTIS R. MIDDLEBROOKS
Special Agent
Federal Bureau of Investigation
*Printed name and title*

Subscribed and sworn to telephonically.

Date:  October 4, 2024

*Judge's signature*

City and State:  Buffalo, New York

JEREMIAH J. MCCARTHY
United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK         )
COUNTY OF ERIE            )        SS:
CITY OF BUFFALO           )

    I, **CURTIS R. MIDDLEBROOKS**, being duly sworn, deposes and states:

### INTRODUCTION

    1.    I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and I am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code. I have been a Special Agent with the Federal Bureau of Investigation (FBI) since July of 2020. I have received basic drug, gang, criminal enterprise, and Title-III wiretaps investigative training at the FBI Training Academy located in Quantico, Virginia. I have served as an FBI Special Agent since July of 2020. Prior to my employment as a Special Agent with the FBI, I was employed as a United States Probation Officer (USPO) in the Western District of New York from July of 2009 through July of 2020. During my career, I have participated in investigations involving violent crime, firearms trafficking, drug trafficking networks, organized crime, and neighborhood-based street gangs. I have had the opportunity to work with several other FBI agents and other law enforcement agents and officers of varying experience levels, who have also investigated drug trafficking networks, with regard to the manner in which controlled substances are obtained, diluted, packaged, distributed, sold and used within the framework of drug trafficking in the Western District of New York, the District of Massachusetts, and the Northern District of West Virginia. In addition, I have had the opportunity to work with several other FBI agents and other law

1

enforcement agents and officers of varying experience levels, who have also investigated violent crime, firearms trafficking, drug trafficking networks, organized crime, and neighborhood-based street gangs in the Western District of New York, the District of Massachusetts, and the Northern District of West Virginia. As a result of my training and experience, and as a result of the information shared by my experienced colleagues, I am familiar with how individuals and associates possess and utilize firearms in crimes of violence and in the violent defense of themselves and their associates in the context of their drug-trafficking and gang-related activity. My investigative experience detailed herein, and the experience of other law enforcement agents who are participating in this investigation, serve as the basis for the opinions and conclusions set forth herein. During my tenure with the USPO and FBI, I have executed State and Federal search warrants in narcotics and firearms-related investigations.

2. My current assignment requires extensive knowledge of matters related to illegal drug trafficking and violent gang activity in the Western District of New York. As part of my duties as a Special Agent, I investigate criminal activity related to drug trafficking, in violation of, among other statutes, 21 U.S.C. § 841(a)(1). My experience includes, but is not limited to, conducting surveillance, interviewing witnesses, conducting database checks, analyzing telephone records, writing affidavits for search warrants and Title III wiretap investigations, executing search warrants, and working with undercover agents and informants. I am familiar with matters including, but not limited to, the means and methods used by drug trafficking organizations to purchase, transport, store, and distribute drugs, and the concealing of profits generated from those transactions. Through my training and

experience, I have become familiar with the methods of operations typically utilized by individuals who distribute drugs. I know that it is common practice for drug traffickers to routinely utilize vehicles, rental vehicles, telephones, mobile phones, prepaid phones, calling cards, public telephones, text messaging, counter-surveillance, false or fictitious identities, and coded communications to communicate with their customers, suppliers, couriers, and other conspirators for the purpose of insulating themselves from the detection of law enforcement. Moreover, it is not unusual for them to initiate such mobile or prepaid phone service in the name of an associate or family member or in the name of a fictitious individual. The individuals often require the use of a telephone facility to negotiate times, places, schemes, and manners for importing, possessing, concealing, and distributing controlled substances, and for arranging the concealment of proceeds derived from the sale of controlled substances.

3.       This affidavit is being submitted for a limited purpose, that is, a probable cause determination. Therefore, I have not presented all of the facts of this investigation to date. I have set forth only the information I believe to be necessary to establish probable cause. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from law enforcement officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this manner.

4.       I make this affidavit in support a criminal complaint charging **DERREL AUSTIN** with violating Title 21, United States Code, Section 841(a)(1), 841(b)(1)(B) (possession with intent to distribute 40 grams or more of a mixture or substance containing

3

fentanyl, a Schedule II controlled substance) and Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a felon).

## PROBABLE CAUSE

5. On October 19, 2009, **DERREL AUSTIN** was convicted in the Erie County Court of manslaughter: recklessly causes death, a Class C felony, punishable by more than one year in prison. Subsequently, on December 3, 2009, **AUSTIN** was sentenced to a term of imprisonment of three (3) to nine (9) years. Prior to that offense, on October 27, 1995, **AUSTIN** was convicted in the Erie County Court of kidnapping: with intent to collect ransom, a Class A felony, burglary-1st degree: displays what appears to be a firearm, a Class B felony, robbery-1st: displays what appears to be a firearm, a Class B felony, and burglary: dwelling causing injury, a Class B felony, all of which are punishable by more than one year in prison. On January 31, 1996, **AUSTIN** was sentenced to a term of imprisonment of 100 months to 25 years. Additionally, **AUSTIN** was made subject to the supervision of the New York State Department of Corrections and Community Supervision (hereafter, "parole") for life. As a condition of **AUSTIN**'s parole, he is subject to a search of his residence at any time.

6. On February 17, 2022, New York State Parole and Niagara Falls Police Department officers went to **AUSTIN**'s second story apartment in Niagara Falls, New York, to conduct a home contact. Officers knocked and announced for several minutes. During this time, a black male wearing a gray sweat suit was seen exiting the second-floor right side door onto the fire escape. The black male appeared to be carrying several bags and traveled to the right side door of the third-floor fire escape. The black male bent down, then quickly stood

4

up, before returning to the second-floor right side door from the fire escape. A short time after the black male returned into the second-floor right side door, **AUSTIN** opened his apartment door for officers. Approximately 25 minutes after officers began knocking and announcing their arrival, **AUSTIN** opened the door wearing a black bathrobe. **AUSTIN** told officers that it took him so long to answer the door because he was in the shower and that was why he was wearing the bathrobe.

7. During the execution of the parole search, officers collected and searched the bags from the third-floor fire escape and found suspected cocaine, suspected fentanyl, suspected Suboxone, and narcotics distribution paraphernalia including scales, glass vials, and wax envelopes. Officers also found a Smith and Wesson handgun, model SD40 VE, bearing serial number FDJ4216; a FMK handgun, model 9C1, bearing serial number BB14259; and multiple rounds of ammunition. Law enforcement officers noted that the shower was dry and located a gray sweat suit which appeared similar to that law enforcement officers observed the black male wearing.

8. Following the execution of the parole search, **AUSTIN** was arrested and transported to the Niagara Falls Police Department. **AUSTIN** was provided with *Miranda Warnings*, after which, he told investigators that he illegally purchased firearms. **AUSTIN** also informed investigators that he had purchased narcotics in the past and was scheduled to purchase narcotics earlier in the day on February 17, 2022, but did not make the meeting with his supplier because **AUSTIN** had an attorney meeting.

9. On February 22, 2022, the suspected cocaine, fentanyl, and Suboxone were sent to the Niagara County Sheriff's Office Forensic Laboratory (NCSO Lab) for analysis that confirmed the substances as 40 packages of Suboxone, 16.8 grams of cocaine, and 43.7 grams of fentanyl.

10. On February 25, 2022, the FMK, model 9C1, pistol was sent to the NCSO Lab for DNA analysis. An NCSO Lab report, dated January 26, 2023, confirmed that it is at least 236,000 times more likely that the DNA swabs taken from the FMK, model 9C1, pistol originated from "**DERREL AUSTIN** and two unknown individuals rather than if they originated from three unknown individuals in the U.S. population."

11. On February 26, 2022, Special Agent William Farnham, an Interstate Nexus Expert with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, was provided a description of the weapon and its markings and determined that the above-mentioned FMK and Smith and Wesson semi-automatic handguns were manufactured outside of New York State and would have travelled in and affected interstate commerce prior to it being possessed by **AUSTIN**.

12. **WHEREFORE**, based upon the foregoing, I respectfully submit that there is probable cause to believe that **DERREL AUSTIN** violated Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) (possession with intent to distribute 40 grams or more of a

mixture and substance containing fentanyl, a Schedule II controlled substance), and Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a felon).

*Curtis R. Middlebrooks*
_____
CURTIS R. MIDDLEBROOKS
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed telephonically,

this <u>4th</u> day of October, 2024.

_____
HONORABLE JEREMIAH J. MCCARTHY
United States Magistrate Judge